PAILET & JACOBS, INC., v. RHODES, JR.

(November 30, 1931. Opinion and Decree.)

William H. Talbot, of New Orleans, attorney for plaintiff, appellant.

Louis R. Hoover, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiffs claim to have leased to defendant, for one year, at $40 per month, the premises numbered 1165-67 Eagle street, New Orleans, and, they allege, that said defendant has refused to take possession of the premises and has failed to pay the rent due under the lease. They aver that they have been unable to secure another tenant and that defendant is indebted to them in the sum of $480.

Defendant denies that he leased the premises, though he admits that he signed and submitted to plaintiffs, through their agent, a written lease which, at that time, had not been signed nor accepted by plaintiffs and that it was his understanding with the said agent that the document which, at that time, amounted to no more than an offer to lease, would be submitted to plaintiffs, as owners, for acceptance or rejection by them and that the action of the said owners would be communicated to him.

He states, and it is conceded, that in the document which he signed it was stipulated that rent should be payable monthly in advance and that the lease was to begin on October 1, 1930. He further charges that he was at no time advised that the owners had accepted his offer; that no copy of the lease bearing the signatures of the owners was sent to him but that,

on the contrary, about one month prior to October 1st, a representative of the agent of the owners called on him and advised him that the lease would not be executed unless he, the prospective tenant, would, at that time, pay the rent for the first month. He states that he considered this a rejection of his original offer, under the terms of which, rent for the first month was not due until October 1st, and that he, thereafter, secured a lease on other property.

The representative of the agent admits that he called on defendant and attempted to secure one month's rent about thirty days before it would have been due, under the lease, but he denies that he told defendant that the lease would not be executed unless such payment should be made. He states that, on the contrary, the fully executed lease had been sent to defendant previously, and that the only purpose of his visit was to persuade defendant to comply with the alleged custom of paying rent for the first month immediately upon execution of the lease.

The district judge came to the conclusion that defendant had not been advised of the acceptance of his offer and, that the demand by the agent of the first month's rent nearly thirty days prior to October 1st, constituted a rejection of defendant's original offer and an effort to commence new negotiations. Judgment was rendered below dismissing plaintiffs' suit.

Since it is admitted that under the terms of the lease, rent for the first month was not due until October 1st, it seems improbable that the real estate agent would have sent to defendant a copy of that lease more than one month prior to October 1st,

and that immediately thereafter he would have demanded payment of rent which, under that very document, was not due for nearly thirty days. Then, too, if the lease had been sent to defendant by mail as plaintiffs contend, it is very probable that a letter would have accompanied it and no copy of such letter was produced by plaintiffs or their agent. The evidence fails to show to our satisfaction that there exists such a custom as is contended for by plaintiffs with reference to the payment, at the time of the signing of the lease, of one month's rent where the lease, itself, does not stipulate for such payment.

Both defendant and his wife deny having received any copy of the lease or having been advised of its acceptance prior to the time at which the agent's representative called upon defendant and attempted to persuade him to pay rent prior to the time at which it would have been due under the lease.

The evidence fails to show that acceptance of defendant's offer was communicated to him and convinces us that the action of plaintiffs' agent indicated that the offer, as originally made, had been rejected. Defendant was at liberty to recede.

"The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him, who makes the offer, the right to withdraw it."

Civil Code, art. 1805.

The judgment appealed from is affirmed.